UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHELLE ADAMS, | ) | CASE NO. 3:16-CV-03076 |
| Plaintiff, | ) ) | JUDGE JACK ZOUHARY |
| v. | ) ) | Magistrate James R. Knepp, II |
| ERNIE GREEN INDUSTRIES, INC., | ) ) ) | **ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendant. | ) ) ) | [Jury Demand] |

Defendant Marion Industries, Inc. ("Marion") (*see* ECF #20, which amends the Complaint by interlineation to properly name the defendant) answers Plaintiff's Complaint:

1. Marion denies for lack of knowledge.

2. Marion admits that it is an Ohio corporation with its principal place of business in Ohio, and that Plaintiff was an employee. Marion denies all remaining allegations.

3. Marion states that no answer is required. To the extent an answer is required, Marion denies.

4. Marion denies it was involved in any unlawful discrimination. Marion denies all remaining allegations.

5. Marion admits that Plaintiff was employed and worked in Marion County, Ohio. Marion denies all remaining allegations.

6. Marion admits.

7. Marion states that Exhibit A speaks for itself. Marion denies all remaining allegations.

8. Marion restates its previous answers.

9. Marion admits that Plaintiff was an employee, and that she is a female. Upon information and belief, Marion admits Plaintiff's date of birth. Marion denies for lack of knowledge that Plaintiff is homosexual. Marion denies all remaining allegations.

9. [sic] Marion admits that Plaintiff began employment on or about the date identified.

10. Marion denies for lack of knowledge.

11. Marion admits that Plaintiff took leave and returned. Marion denies all remaining allegations.

12-18. Marion denies.

19. Marion admits Plaintiff filed a Charge. Marion denies all remaining allegations.

20. Marion admits Plaintiff was terminated. Marion denies all remaining allegations.

21. Marion admits Plaintiff was terminated. Marion denies all remaining allegations.

22. Marion admits that Plaintiff filed a second Charge and that Exhibit A speaks for itself. Marion denies all remaining allegations.

23. Marion restates its previous answers. Marion denies all remaining allegations.

24-27. Marion denies.

28. Marion restates its previous answers.

29-33. Marion denies.

34. Marion restates its previous answers.

35. Marion admits that Plaintiff is female. Marion denies all remaining allegation.

36-40. Marion denies.

41. Marion restates its previous answers.

42-46. Marion denies.

47. Marion restates its previous answers.

48-53. Marion denies.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. All allegations in Plaintiff's First Amended Complaint that are not expressly admitted are denied.

3. Marion denies that Plaintiff is entitled to any of the relief requested in her Demand for Relief.

4. Marion incorporates all affirmative defenses under federal and Ohio law, including those contained in Civil Rule 12(b), as determined to be applicable after an opportunity to conduct discovery in this matter.

5. Plaintiff's First Amended Complaint fails because all of Marion's employment decisions were motivated by legitimate reasons, which were non-discriminatory and made in good faith.

6. Plaintiff's First Amended Complaint fails because Marion acted in accordance with all applicable laws.

7. Plaintiff's First Amended Complaint fails because Plaintiff was treated in a manner consistent with other similarly situated employees.

8. Plaintiff's First Amended Complaint fails and/or Plaintiff's remedies are limited because any actions taken by Marion relative to Plaintiff would have been taken regardless of Plaintiff's alleged engagement in a protected activity.

9. Plaintiff's First Amended Complaint fails because Plaintiff's damages, if any, were not caused by the acts or omissions of Marion, their employees and/or agents, but were directly and proximately caused by the acts or omissions of other third parties over which Defendants had no control.

10. Plaintiff's First Amended Complaint fails because Plaintiff's damages, if any, were the direct and proximate result of intervening and/or superseding causes.

11. Plaintiff is barred from recovery by the doctrines of comparative negligence, contributory negligence and/or assumption of risk.

12. Plaintiff's First Amended Complaint is barred for insufficiency of process and/or insufficiency of service of process.

13. Plaintiff's claims are barred by the applicable statute of limitations, laches and/or failure to exhaust administrative remedies.

14. Plaintiff's First Amended Complaint fails, in whole or in part, because of the doctrines of waiver, estoppel, consent, acquiescence, illegality, release, unclean hands, joint and several liability, accord and satisfaction, recoupment and set off.

15. Plaintiff's First Amended Complaint and/or damages may be barred by the after-acquired evidence rule, as may be discovered throughout the course of discovery.

16. To the extent that Plaintiff has suffered any compensable damages, which is denied, the claims are barred in whole or in part by Plaintiff's failure to mitigate her damages.

17.     Plaintiff's claim for punitive damages must be denied as Marion did not act intentionally, recklessly, in bad faith, with malice, in a wanton or willful manner or any other way which would justify punitive damages.

18.      At all times relevant hereto, Marion did not willfully violate any law with respect to the treatment of Plaintiff and acted in accordance with its' policies against harassment, discrimination and retaliation, thereby negating Plaintiff's claims, and claim to punitive damages.

Wherefore, having fully answered Plaintiff's First Amended Complaint, Defendant request s that Plaintiff's First Amended Complaint be dismissed at Plaintiff's cost.

Respectfully submitted,

  /s/ James O'Connor
James O'Connor (0063428)
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
Phone: (216) 430-2223
Email: joconnor@reminger.com

Brittany H. Asmus (0095142)
Reminger Co., L.P.A.
One SeaGate, Suite 1600
Toledo, Ohio 43604
Phone: (419) 245-3755
Email: basmus@reminger.com
*Attorneys for Defendant Marion Industries, Inc.*

## JURY DEMAND

Defendant demands a trial by jury.

  /s/ James O'Connor
James O'Connor (0063428)

## **CERTIFICATE OF SERVICE**

On this 19th day of June 2017, a copy of the foregoing *Answer to First Amended Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ James O'Connor*
James O'Connor (0063428)